**FILED**

MAR **3 0** 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Christina Lynn ULMER,<br><br>    Defendant. | Case No.: **22CR00211-JLS**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on March 29, 2022, to determine whether Defendant, Christina Lynn ULMER, should be held in custody pending trial on the grounds that she is a flight risk. Assistant United States Attorney Courtney Strange appeared on behalf of the United States. Attorney Andrew Williams appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the Complaint issued against the Defendant on January 24, 2022 by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant as required.

# I

## **FINDINGS OF FACT**

A.      Nature and Circumstances of the Offense Charged (18 U.S.C.  §3142(g)(1)):

1.      The Defendant is charged in Criminal Complaint No. 22MJ8036, and subsequently indicted in case number 22CR00211, with the importation of 500 grams and more, to wit: approximately 25.46 kilograms (56.01 pounds) of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 952 and 960.  Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.      The charged offense is an offense for which a maximum term of imprisonment of life is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.).  Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.  See, 18 U.S.C. § 3142(e).

3.      The offense carries a minimum mandatory sentence of 10 years and a maximum sentence of life.  See, 21 U.S.C. § 960(b)(1)(H).  According to the United States Sentencing Guidelines, the Base Offense level is 36.  See, USSG § 2D1.1(c)(3).  Assuming the Defendant's criminal history score places her in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B.      Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2)):

1.      On January 22, 2021, at approximately 12:30 a.m., Christina Lynn ULMER (ULMER), a United States Citizen, applied for entry into the United States from Mexico through the Calexico, California, West Port of Entry in vehicle lane #5. ULMER was the driver and sole occupant of a black 2002 Nissan Xterra bearing a California license plate.

2.      In primary inspection, a Customs and Border Protection Officer received a negative Customs declaration from ULMER. ULMER stated she went to Tijuana to party but changed her mind and came to Mexicali to visit family. ULMER and the vehicle were referred for secondary inspection due to inconsistencies in ULMER's statements and due to the fact that the vehicle was not registered to her.

3.      While in vehicle secondary, the vehicle was scanned utilizing an X-ray machine. The machine detected anomalies in the vehicle's rear quarter panels, fuel tank, and spare tire.  Thereafter, a Canine Enforcement Team conducted a secondary inspection of the vehicle and the Human and Narcotic Detection Dog alerted to the vehicle's rear seat and undercarriage.

4.      Further inspection of the vehicle resulted in the discovery of 50 vacuum-sealed clear plastic packages concealed in the vehicle's rear quarter panels, gas tank, and under the floor. The total approximate weight of the packages was 25.46 kilograms (56.13 pounds). A sample of the substance contained within one of the packages field-tested positive for the characteristics of methamphetamine. ULMER was placed under arrest.

5.      ULMER was advised of her rights per Miranda.  ULMER stated she understood her rights and was willing to answer questions without an attorney present. ULMER stated she was aware the vehicle contained drugs and was being paid to drive into the United States with the drugs concealed in the vehicle.

C.      History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

1.      Defendant has an unstable residence.

2.      Defendant is unemployed.

3.      Defendant travels to Mexico.

4.      Defendant has a prior criminal history.

5.      Defendant has unverified background information.

6.      Defendant was issued a Notice to Appear in this case, failed to appear, and was arrested on a bench warrant two months later.

7.      Defendant has a substance abuse history.

**II**

**REASONS FOR DETENTION**

A.      There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 22MJ8036 and in Indictment No. 22CR00211 with the importation of 500 grams and more, to wit: approximately 25.46 kilograms (56.01 pounds)

1 of a mixture and substance containing a detectable amount of methamphetamine, in
2 violation of Title 21, U.S.C., §§ 952 and 960.

3        B.     The weight of the evidence is strong against the defendant in that she made
4 admissions and was the driver and sole occupant of the vehicle in which the narcotics were
5 found.

6        C.     Defendant has an unstable residence.

7        D.     Defendant is unemployed.

8        E.     Defendant travels to Mexico.

9        F.     Defendant has a prior criminal history.

10        G.     Defendant has unverified background information.

11        H.     Defendant was issued a Notice to Appear in this case, failed to appear, and was
12 arrested on a bench warrant two months later.

13        I.     Defendant has a substance abuse history.

14 **III**

15 **ORDER**

16     IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

17     IT IS FURTHER ORDERED that Defendant be committed to the custody of the
18 Attorney General or his designated representative for confinement in a corrections facility
19 separate, to the extent practicable, from persons awaiting or serving sentences or being held
20 in custody pending appeal.  The Defendant shall be afforded reasonable opportunity for
21 private consultation with counsel.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1  While in custody, upon order of a court of the United States or upon the request of an

2  attorney for the United States, the person in charge of the correctional facility shall deliver

3  Defendant to the United States Marshal for the purpose of an appearance in connection with

4  a court proceeding or any other appearance stipulated to by defense and government

5  counsel.

6  **THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

7  **IT IS SO ORDERED.**

8  DATED: _3/29/2022_

   HON. RUTH BERMUDEZ MONTENEGRO

9  U.S. MAGISTRATE JUDGE

10  Prepared by:

11

12  RANDY S. GROSSMAN
    United States Attorney

13

14  _s/ Courtney L. Strange_
    Courtney Strange
15  Assistant U.S. Attorney

16  cc:    Andrew Williams
17         Counsel for Defendant

18

19

20

21

22

23

24

25

26

27

28